UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Schriever Farms, LLC,

Debtors.

Case No. Case No. 14-34614
Chapter 12 Case

## APPLICATION BY DEBTORS TO EMPLOY CHAPTER 12 COUNSEL
## (HAMMELL & MURPHY, P.L.L.P)

TO: United States Bankruptcy Judge and the United States Trustee and other parties in interest identified in Local Rule 2014-1.

1. The above-named debtors ("Debtor") have filed a petition for reorganization under Chapter 12 of the Bankruptcy Code, Title 11, United States Code, and require representation in the course of their case.

2. Debtors wish to employ the law firm of Hammell & Murphy, P.L.L.P., including lawyers in its bankruptcy group ("Hammell & Murphy"), to represent or to assist Debtors in carrying out their duties under Title 11 of the United States Code, and to perform other legal services necessary to Debtors' continuing operations.

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157, 327, 330 and 1334, Bankruptcy Rule 5005, and Local Rule 1070-1. This is a core proceeding. The petition in this case was filed on November 20, 2014 (the "Filing Date"). The case is now pending in this Court.

4. This Application arises under 11 U.S.C. §§ 327 and 328, and Bankruptcy Rule 2014. This Application is filed under Local Rules 2014-1 and 9013-4. Debtors seek an order authorizing the employment of Hammell & Murphy, P.L.L.P.

5. Debtors believe that these attorneys are competent and experienced in Chapter 12 and related bankruptcy matters.

6. Debtors retained Hammell & Murphy prior to the filing date to represent them in connection with mediation initiated under the Farmer-Lender Mediation Act and various other matters. Debtors incurred fees and expenses related to this work but were unable to pay the firm in full. The Debtors paid the firm $2,000 which has been applied to fees and expenses incurred pre-petition for meeting and documents required to file for chapter 12 relief. Debtors understand that Hammell & Murphy has agreed to waive the balance of the fees and expenses related to the mediation and other services. Unpaid fees and expenses directly related to post-petition matters and other pleadings will be included in Hammell & Murphy first fee application.

7. Debtors propose that Hammell & Murphy be paid on a reasonable fee basis, dependent primarily on the number of hours expended, but taking into consideration any risk that there may not be funds available to pay fees, any delay in making payments of fees, and such other factors as may be appropriate, subject to the approval of the Court.

8. Debtors propose that (a) Hammell & Murphy be authorized to schedule a hearing on its applications for allowance of fees and reimbursement of expenses not more than once every ninety (90) days, (b) Hammell & Murphy be allowed to submit regular monthly bills to the Debtors, with copies to the Office of the United States Trustee, and (c) the Debtors be authorized to pay up to 100% of such fees and 100% of costs on a monthly basis, subject to later court approval.

9. Debtors believe the attorneys selected by Debtors represent Schriever Farms, LLC an entity that is owned by Paul Schriever and Brit Schriever. Paul Schriever and Brit Schriever filed chapter 12 relief individually on the same Filing Date as Schriever Farms, LLC. Debtors do

not believe that Paul Schriever, Brit Schriever of Schriever Farms, LLC have any claims against any of the above mentioned parties. Hammell & Murphy do not hold or represent any interest adverse to the estates, and are disinterested under § 327 of the Bankruptcy Code. In the event the United States Trustee, the Court, or other party asserts or is concerned that Hammell & Murphy is not disinterested, Debtors request that a hearing be scheduled.

10. Debtors have reviewed the Unsworn Declaration of Jed J. Hammell and believe the attorneys selected by Debtors do not represent any non-Debtor entity in connection with except as provided above in this case, do not hold or represent any interest adverse to the estates, and are disinterested under § 327 of the Bankruptcy Code. In the event the United States Trustee, the Court, or other party asserts or is concerned that Hammell & Murphy is not disinterested, Debtors request that a hearing be scheduled.

11. No previous application has been made for employment of Chapter 12 attorneys. Debtor reserves the right to seek approval of the employment of other professionals.

12. This application has been served on the parties set out in Local Rule 2014-1(a).

**WHEREFORE**, the above-named Debtor request an order approving the employment of the law firm of Hammell & Murphy as Chapter 12 counsel for Debtor.

Date: December 3, 2014

_____
Paul L. Schriever, Vice-President of
Schriever Farms, LLC

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Schriever Farms, LLC,

Debtors.

Case No. Case No. 14-34614
Chapter 12 Case

**UNSWORN DECLARATION OF JED J. HAMMELL AND
STATEMENT OF COMPENSATION**

Jed J. Hammell makes the following declaration in support of the application of above-named Debtors ("Debtors") to employ Hammell & Murphy, P.L.L.P. ("Hammell & Murphy") as Chapter 12 counsel, and in compliance with 11 U.S.C. § 329(a), Bankruptcy Rule 2016(b), and Local Rule 1007-1 and Local Rule 2014-1.

1. I am a partner in the law firm of Hammell & Murphy. I am an attorney authorized to practice before the courts of the State of Minnesota and the federal courts for the District of Minnesota, among others. I make this Unsworn Declaration in support of the Debtors' Application to Employ Hammell & Murphy as Chapter 12 counsel in this case.

2. Hammell & Murphy has performed a conflict check against a list of parties in interest furnished by the Debtors, including (a) secured creditors and equipment lessors, (b) known unsecured creditors, and (c) other known attorneys and consultants. To the best of my knowledge and except as set out below, Hammell & Murphy does not represent any of these creditors or any other entity currently known to me in connection with this case. Hammell & Murphy further agrees not to represent any other entity in connection with this

case while employed by the Debtors. The firm will supplement this declaration, as necessary, when and if other creditors become known.

3. No member of Hammell & Murphy has ever been an employee of the Debtors, and no member of Hammell & Murphy is an insider of the Debtors.

4. Based on the above-referenced conflicts check, and to the best of my knowledge, neither I nor Hammell & Murphy represented or had any connection with the Debtors, their creditors, or any other party interest, their attorneys or accountants, the United States Trustee, or any other person employed in the office of the United States Trustee within the meaning of Bankruptcy Rule 2014, except as stated below:

   a. Since approximately November of 2012, Hammell & Murphy has rendered legal services to the Debtors regarding financial matters, tax planning, tax preparation, environmental matter including representing the Debtors in mediation pursuant to the Farmer-Lender Mediation Act. Fees and costs for such representation have been paid as in paragraphs 6 of the Application to Employ Hammell & Murphy, filed herewith.

   b. Hammell & Murphy has agreed to waive payment of the unpaid balance of fees and expenses related to the mediation and other services. Hammell & Murphy intends to seek allowance and, if allowed, payment of fees and expenses incurred post-petition.

   c. An attorney, Joseph Hammell represented and does represent an unsecured creditor, Hammell Equipment, Inc with the total debt being

approximately $1,600.00. Joseph Hammell representation for this unsecured creditor concerns general business representation and tax preparation. This attorney has completed no action relating to the unsecured debt. It does not appear that he has any confidences or secrets of Hammell Equipment, Inc. which would disadvantage Hammell Equipment, Inc. in this case. Nevertheless, this poses a potential conflict of interest that may be waived by the Debtors and Hammell Equipment, Inc. Hammell & Murphy has obtained the waiver from Hammell Equipment, Inc. and Debtors. In the event a dispute arises involving this client, Hammell & Murphy will not represent either party.

d. An attorney, Joseph Hammell represented and does represent an unsecured creditor, Harmony Vet Clinic with the total debt being approximately $4,400.00. Joseph Hammell representation for this unsecured creditor concerns general business representation and tax preparation. This attorney has completed no action relating to the unsecured debt. It does not appear that he has any confidences or secrets of Harmony Vet Clinic which would disadvantage Harmony Vet Clinic in this case. Nevertheless, this poses a potential conflict of interest that may be waived by the Debtors and Harmony Vet Clinic. Hammell & Murphy has obtained the waiver from Harmony Vet Clinic and Debtors.

e. None of the above relationships constitute actual conflicts, but may be "connections" within the meaning of Rule 2014 or potential conflicts,

and are therefore disclosed. Both the firm clients and the Debtors have been advised of potential conflicts noted above and have waived any such conflicts.

5. There may be other persons within the scope of Bankruptcy Rule 2014 that, unknown to me, Hammell & Murphy has represented in particular matters in the past. We agree not to represent such persons who are creditors or other parties in interest in this case while representing the Debtors, without further disclosure, and we agree to disclose any connections that we may discover subsequent to the execution of this unsworn declaration.

6. Except as the Court may determine from the circumstances disclosed above, Hammell & Murphy, does not hold or represent any interest adverse to the estate, and Hammell & Murphy is a "disinterested person, " within the meaning of 11 U.S.C. § 327(a).

7. Debtors retained Hammell & Murphy prior to the filing date to represent them in connection with mediation initiated under the Farmer-Lender Mediation Act and other matters. Debtors incurred fees and expenses related to this work but were unable to pay the firm in full. The Debtors paid the firm a flat fee $2,000.00 which has been applied to fees and expenses incurred pre-petition for this chapter. Debtors understand that Hammell & Murphy has agreed to waive the balance of the fees and expenses related to the mediation and other matters. Unpaid fees and expenses directly related to post-petition matters and other pleadings will be included in Hammell & Murphy first fee application.

8. The compensation agreed to be paid by the Debtors to Hammell & Murphy for its representation in this bankruptcy case is a flat fee of $2,000.00 for preparation of bankruptcy petition and schedules, meetings to prepare the schedules, conferences with financial advisors and filing chapter 12 relief. All post petition matters is charged at the hourly rates customarily charged by Hammell & Murphy, plus consideration for any risk that there may not be funds available to pay fees, any delay in payment of fees, and such other factors as may be appropriate, plus reimbursable expenses, all as may be allowed by the Court following periodic fee application.

9. The filing fee paid by the Debtors to Hammell & Murphy in this case is $275.00.

10. The services rendered or to be rendered by Hammell & Murphy as Chapter 12 counsel include the following:

    a. Analyzing the Debtor's financial situation and rendering advice and assistance in determining how to proceed, which has included and will include advice, negotiation, and preparation of documents for a Chapter 12 filing, as well as negotiating debtor-in-possession financing;

    b. Assisting with preparation and filing of the petition, exhibits, attachments, schedules, statements, and lists, and other documents required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or the Court in the course of this bankruptcy case;

    c. Representing the Debtors at the meeting of creditors;

    d. Negotiating with creditors and other parties in interest;

    e. Making and responding to motions, applications and other requests for relief on behalf of the Debtors;

    f. Working with Debtors and other parties to obtain approval of disclosure statement and chapter 12 plan; and

    g. Performing other services requested by the Debtors or services reasonably necessary to represent the Debtors in this case.

11. The future source of all payments to Hammell & Murphy will be from earnings or other current income of the Debtors or from loans made to the Debtors. Except as set out above, Hammell & Murphy has not received and will not receive transfer of property other than such payments of the Debtors.

12. Hammell & Murphy has not shared or agreed to share with any other person, other than members of the firm, any compensation paid or to be paid.

13. Hammell & Murphy requests that it be allowed to schedule fee applications at 90 day intervals and to receive monthly payment from the Debtors in accordance with the procedures.

14. I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: December 3, 2014            /s/ Jed J. Hammell
                                                          Jed J. Hammell

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Schriever Farms, LLC,

        Debtors.

Case No. Case No. 14-34614
Chapter 12 Case

**ORDER APPROVING EMPLOYMENT OF CHAPTER 12
ATTORNEYS FOR DEBTORS
(Hammell & Murphy, P.L.L.P.)**

Upon the application by the Debtors to employ the law firm of Hammell & Murphy, P.L.L.P. in this Chapter 12 case, it appears that it is necessary for the Debtors to employ Chapter 12 counsel, it appears that the attorneys selected by the Debtors do not hold or represent an interest adverse to the estate, and that they are disinterested within the meaning of 11 U.S.C. § 327(a).

**IT IS HEREBY ORDERED:**

1. The employment by the debtors-in-possession of Hammell & Murphy to represent the debtors-in-possession in carrying out their duties under Title 11 is approved.

2. Fee applications by Hammell & Murphy, P.L.L.P. may be heard on 90-day intervals from the commencement of the case.

3. The Debtors are authorized to pay monthly invoices of Hammell & Murphy, P.L.L.P.

Dated:_____                          _____
                                                            Kathleen H. Sanberg
                                                            United States Bankruptcy Judge